IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE TAORMINA,     )<br>　　　　Plaintiff,　　　)<br>　　　　　　　　　　　　)<br>　　v.　　　　　　　　　)<br>　　　　　　　　　　　　)<br>NEXTEL PARTNERS INCORPORATED, )<br>　　　　Defendant.　　　) | CIVIL ACTION NO. 3:05-454<br><br>JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION and ORDER

**GIBSON, J.**

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (Document No. 14) and Plaintiff's Motion to Pursue Civil Action (Document No. 16) filed in the above-captioned matter on June 15, 2006, and August 11, 2006, respectively. On the Court's *sua sponte* motion, however, the Complaint shall be dismissed for lack of subject-matter jurisdiction under FED. R. CIV. P. 12(b)(1). Plaintiff will be granted leave to file an amended complaint.

A federal court must examine the source of its jurisdiction any time it is in question. *Morel v. INS*, 144 F.3d 248, 251 (3d Cir. 1998) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)). As the party seeking to invoke this Court's authority, it is Plaintiff's burden to establish that such authority can be validly asserted. *Commonwealth, Dep't of Pub. Welfare v. Markiewicz*, 930 F.2d 262, 266 (3d Cir. 1991).

28 U.S.C. § 1331 provides that the Court has jurisdiction to decide any question of federal law. In her Civil Cover Sheet, Plaintiff indicated that her claim presented a federal question stemming from her civil rights in the employment context. Document No. 3-2. The Civil Cover Sheet, however, does not create a federal question. "In determining whether a case arises under federal law, courts are

1

instructed to look to the plaintiff's well-pleaded complaint. . . . The controversy must be disclosed upon the face of the complaint. . . ." *U.S. Express Lines, LTD. v. Higgins*, 281 F.3d 383, 389 (3d Cr. 2002) (citations omitted).

The Court cannot discern a federal cause of action from Taormina's Complaint. She alleges that her lawsuit is the result of "various and many discrepancies the defendant has used to validate employment termination of plaintiff." Document No. 3. These include "present[ing] to the plaintiff a 30 day performance plan on March 1st and fail[ing] to honor the agreement by terminating without notice on 15th of said month;" "not offer[ing] the same or similar sales territories as other Sales employees;" "negat[ing] and reject[ing] various sales made by the plaintiff with no explanation;" and unfairly denying an opportunity to take "a position with father company Nextel Communications." Lastly, Taormina alleges that she "had family issues that needed to be attended to and was denied accrued vacation time off to attend to personal matters. . . ." *Id.* Plaintiff does not allege any instance of discrimination, retaliation, or interference with a federal right. On its face, her lawsuit does not implicate labor-management relations or complain about the handling of protected retirement funds. The gravamen of the complaint is not that Plaintiff was the victim of federally prohibited conduct, but that Nextel breached a private agreement in terminating her employment. Such an allegation, by itself, does not confer jurisdiction on this Court.

Moreover, there is no jurisdiction under 28 U.S.C. § 1332, which allows the Court to adjudicate the disputes between citizens of different states. A corporate litigant is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "Diversity jurisdiction is determined at the time the complaint is filed from the face of the complaint." *B & P Holdings I, LLC v. Grand Sasso Inc.*, 114 Fed. Appx. 461, 464 (3d Cir.

2

2004) (nonprecedential opinion) (citing 14B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3702 (3d ed. 1998)). A plaintiff seeking to proceed under 28 U.S.C. § 1332 must allege the diverse citizenship of the parties. *Schultz v. Cally*, 528 F.2d 470, 472-73 (3d Cir. 1975). In the case *sub judice*, Taormina has stated a sufficient amount in controversy, but has not alleged either her own citizenship or that of Defendant. Because the Court cannot adduce from the face of her Complaint that the proper diversity exists in this case, there is no subject-matter jurisdiction under 28 U.S.C. § 1332.

Though dismissal is based on a lack of subject-matter jurisdiction, the Court also notes its uncertainty that Plaintiff's Complaint would survive a motion to dismiss for failure to state a claim. A court may dismiss a complaint if it is clear that relief would not be available under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1957). "In considering a rule 12(b)(6) motion, a court may consider an undisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Steinhardt Group v. Citicorp*, 126 F.3d 144, 145 (3d Cir. 1997).

Plaintiff has placed on the record the Performance Improvement Plan that Nextel presented her with and which supposedly forms the basis of the employment agreement that her termination breached. Document No. 16-3. According to that document, the authenticity of which Defendant does not dispute, "any failure to complete the activities or to be on track to meet the monthly sales goal described [herein] during [the] 30-day period may result in either immediate issue of a Final Written Warning or termination of your employment with Nextel Partners, Inc." *Id.* A plain reading of this language does not necessarily suggest that Defendant guaranteed Plaintiff employment of any duration or otherwise modified its at-will relationship with Taormina. Thus, although the Court decides nothing more today

3

than that it lacks subject-matter jurisdiction over Plaintiff's Complaint, it notes that if and when Taormina files an amended complaint, it may behoove her to state not only the specific nature of the Court's jurisdiction, but also that her discharge contravened an applicable contract or governing law.

An appropriate Order follows.

**AND NOW,** this 26th day of January, 2007, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** for lack of subject-matter jurisdiction, and Plaintiff is granted leave to file an Amended Complaint **on or before March 2, 2007**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Document No. 14) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Pursue Civil Action (Document No. 16) is **DENIED** as moot.

BY THE COURT:

*[signature]*

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**