IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE TAORMINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 05-454J |
| v. ) | |
| ) | JUDGE GIBSON |
| NEXTEL PARTNERS ) | |
| INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Document No. 24 p. 3 ¶ 17. Earlier this year, the Court dismissed Plaintiff's original complaint *sua sponte*, holding that the Court had no subject-matter jurisdiction over her claims. Document No. 21. Plaintiff was granted leave to amend her complaint, which she did on February 15, 2007. Document No. 22.

### I. LEGAL STANDARDS

"When subject matter jurisdiction is challenged under rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). However, if a claim is made that putatively does establish subject matter jurisdiction, that claim may be dismissed under Fed. R. Civ. P. 12(b)(1) only if it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Id.* (quoting *Bell v.*

1

*Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)). "[T]he standard for surviving a Rule12(b)(1) motion is lower than that for a Rule 12(b)(6) motion." *Gould Elec. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)(citation omitted).

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P.12(b)(6), it is "the defendant [who] has the burden of showing no claim has been stated." *Kehr Packages*, 926 F.2d at 1409 (citing *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980)). The Court is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)(citations omitted). That does not mean, however, that the Court must "credit a complaint's bald assertions or legal conclusions when deciding" the motion. *Id.* (citations and internal quotation marks omitted). Documents filed *pro se* must be "liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, – U.S. –, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081, 1086 (2007)(citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251, 262 (1976))(internal quotations omitted). However, even a *pro se* plaintiff has the "obligation to provide grounds for [her] entitlement to relief by presenting factual allegations sufficient to raise [her] right to relief above a speculative level." *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007)(citing *Bell Atlantic Corp. v. Twombly*, – U.S. –, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)).

## II. ANALYSIS

### Subject matter jurisdiction

Federal question, 28 U.S.C. § 1331, diversity of citizenship, 28 U.S.C. § 1332, and supplemental

jurisdiction, 28 U.S.C. § 1367, are all suggested by Plaintiff's complaint. The Court can only exercise supplemental jurisdiction over Plaintiff's state claims if she can first establish original jurisdiction pursuant to §§ 1331 and/or 1332.[1] 28 U.S.C. § 1367(a). Plaintiff's amended complaint states that she was, at the time it was filed, a resident of Pennsylvania, and that Defendant "is located in State College, PA and Harrisburg, PA." Document No. 22, p.1. Plaintiff's pleading of same-state citizenship of both parties defeats diversity jurisdiction.[2] 28 U.S.C. § 1332(a)(1).

Plaintiff has also pleaded violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (hereinafter FMLA). Document No. 2, p.2. That raises a federal question. *See* 29 U.S.C. § 2617(a)(2). Whatever the complaint's deficiencies regarding the elements of the alleged violation and, as discussed below, there are many, they are not jurisdictional. *See id.*; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16, 126 S.Ct. 1235, 1245, 163 L.Ed.2d 1097, 1110-11 (2006)(holding that unless a statute's "jurisdictional provision . . . specifies any threshold ingredient akin to 28 U.S.C. § 1332's monetary floor," the elements of a violation under the statute are not jurisdictional). The Court finds this pleading neither frivolous nor to have been made for the sole purpose of obtaining federal jurisdiction; the Court therefore has subject matter jurisdiction to address its merits.

**Failure to state a cause of action**

Under the FMLA, it is "unlawful for any employer to interfere with, restrain, or deny the

---

[1] If she can surmount the first hurdle, Plaintiff must still demonstrate that her state law claims are so related to those establishing the Court's original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

[2] The Court notes that, for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

3

exercise of or the attempt to exercise, any right provided" by the Act. 29 U.S.C. § 2615(a)(1). The FMLA entitles an "eligible employee" to a "total of 12 workweeks of leave during any 12-month period" for the birth of an employee's son or daughter "and in order to care for such son or daughter"; "because of placement of a son or daughter with the employee for adoption or foster care"; to care for the spouse, child or parent of the employee, provided that the person being cared for "has a serious health condition"; or because the employee "has a serious health condition that makes [her] unable to perform the functions of [her] position . . . ." 29 U.S.C. § 2612(a)(1). Such leave may be unpaid, and an employer may require the employee to first use "any accrued paid vacation leave, personal leave, or family leave." 29 U.S.C. § 2612(c), (d).

For purposes of the instant case, an eligible employee is a person who has worked for the employer from whom leave is requested for at least 12 months and 1,250 hours "during the previous 12-month period.." 29 U.S.C. § 2611(2)(A). An employer is "any person [engaged in activities] affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 28 U.S.C. § 2611(4)(A). A serious health condition is "an illness, injury, impairment, or physical or mental condition that involves – (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 28 U.S.C. § 2611(11).

Plaintiff's entire FMLA claim in the amended complaint reads as follows: "Additionally, it is illegal for an employer to terminate an employee that asks for leave under the Family and Medical Leave Act. The plaintiff ask [sic] for vacation day accumulated time off only." Document No. 22 p.2 ¶ 3. Defendant correctly points out that Plaintiff has failed to plead facts that would show either that

4

Defendant is an employer or Plaintiff was an eligible employee under the FMLA. Document No. 25, pp.7-9; Document No. 22. Even were the Court to take judicial notice of Nextel's size and conclude that it must be an employer under the FMLA, Plaintiff's failure to plead satisfaction of the requirements of 28 U.S.C. § 2611(2) must cause her FMLA claim to fail.

In addition, there is nothing in Plaintiff's complaint to indicate when or even if she requested leave pursuant to the FMLA, let alone that she gave birth, adopted a child, or became a foster parent within the 12 months preceding her request, *see* § 2612(a)(2); that Plaintiff or any family member identified in § 2612(a)(1) had a serious health condition; or that Plaintiff needed the leave time to care for such a family member. Plaintiff's first complaint, which the Court considers for what light it might shed on the putative FMLA action, *Rhett v. Disman*, 228 Fed.Appx. 225, 227 (3d Cir. 2007), merely adds: "The plaintiff had family issues that needed to be attended to and was denied accrued vacation time off to attend to personal matters that would have helped during that time." Document No. 1-2 p.1 ¶ 6. Even by the liberal pleading standards applied to *pro se* plaintiffs, the instant complaint fails to raise the possibility of Plaintiff's entitlement under the factors enumerated in § 2612(a) above a speculative level and, for that reason as well, fails to state a claim upon which relief can be granted.

### Leave to replead

Although Plaintiff has been on notice since March 7, 2007, of the alleged deficiencies in her amended complaint, she has not sought leave for further amendment. *See* Docket No. 24; Docket No. 25. The Court does not understand Plaintiff's FMLA action to be a civil rights case, and is therefore under no obligation to grant such leave *sua sponte* before dismissing Plaintiff's FMLA claim. *See Fletcher-Harlee v. Pote Concrete Contractors*, 482 F.3d 247, 252-53 (3d Cir. 2007); *Churchill v. Star*

5

*Enter.*, 183 F.3d 184, 193-94 (3d Cir. 1999). Should Plaintiff seek to "reopen the judgment and amend the complaint" pursuant to Fed. R. Civ. P. 59(e), she must do so "no later than 10 days after entry of the judgment," not counting Saturdays, Sundays, or legal holidays. Fed. R. Civ. P. 6(a), 59(e); *Fletcher-Harlee*, 482 F.3d at 252-53.

### III. CONCLUSION

For the reasons given above, Plaintiff's FMLA claim must be dismissed. Since the dismissal deprives the Court of original jurisdiction, it may not maintain supplemental jurisdiction over Plaintiff's state law claims and they are dismissed as well[3] pursuant to 28 U.S.C. § 1367(c)(3). The Court will not grant Plaintiff leave to amend her complaint *sua sponte*. However, Plaintiff's state law claims are dismissed without prejudice and, pursuant to 28 U.S.C. § 1367(d), their statutes of limitations will be tolled for thirty days from the date of the following order. Plaintiff is therefore free to file those claims in Pennsylvania state court.

---

[3] The Court notes that even if it had reached the merits of these claims the cases cited by Plaintiff do not support her assertions. Regarding her claim of promissory estoppel, Document No. 22 p.2 ¶¶ 1-2, *Paul v. Lankenau Hosp.*, 569 A.2d 346, 348 (Pa. 1990), holds that the "doctrine of equitable estoppel is *not an exception* to the employment at-will doctrine. An employee may be discharged with our [sic] cause, and our law does not prohibit firing an employee for relying on an employer's promise" (emphasis added).

Regarding the illegible claim set forth in Document No. 22, p.2 ¶ 4, the cited case, *Hunter v. Port Auth. of Allegheny County*, 419 A.2d 631 (Pa. Super. Ct. 1980), addresses the circumstances under which a public employer is "precluded from considering a job applicant's prior convictions in making hiring decisions." *Id.* at 638. Although the Court cannot make out enough of paragraph 4 to understand the claim, there is nothing in the record of this case to indicate that Nextel partners is a public employer, that Plaintiff has a criminal history, or that she was fired because of such a history.

6

## ORDER

AND NOW, this 20th day of December, 2007, the Court having considered Defendant's Motion to Dismiss Plaintiff's Amended Complaint, (Document No. 24), it is **HEREBY ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims are **DISMISSED** without prejudice.

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**